IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MUY Pizza-Tejas, LLC § | | |
| § | | |
| Plaintiff, § | | |
| vs. § | | |
| § | | |
| American Safety Indemnity Company § | CIVIL ACTION NO. 2:16-CV-170 | |
| and Riverstone Resources, LLC § | | |
| § | | |
| Defendants § | | |

# DEFENDANTS' NOTICE OF REMOVAL

Defendants, American Safety Indemnity Company ("ASIC") and Riverstone Resources, LLC ("Riverstone") (collectively, "Defendants")[1] file this Notice of Removal of Cause No. 16-04-55856-CV styled *MUY Pizza-Tejas, LLC, vs. American Safety Indemnity Company and Riverstone Resources* pending in the 79th Judicial District Court of Jim Wells, Texas (the "State Court Action") pursuant to 28 U.S.C. §§ 1441 and 1446, and states as follows:

## I.
## BACKGROUND

1.   This action against the issuer of a commercial excess automobile policy, ASIC, and a completely unrelated entity Riverstone, arises from Plaintiff's contention that it is entitled to the advancement of defense costs in connection with an underlying bodily injury lawsuit arising out of an automobile accident. The underlying lawsuit was initiated against Muy Pizza-Tejas, LLC and its affiliates on May 4, 2015. Plaintiff alleges that ASIC wrongfully denied Plaintiff's request for coverage, and filed a declaratory judgment action on April 15, 2016, seeking coverage benefits, extra-contractual damages, and fees. Defendants assert that any

---

[1] Defendants are the only defendants to the action; thus, consent of other defendants to this removal is unnecessary. *See* 28 U.S.C. § 1446(b)(2)(A).

denial of coverage is based on proper grounds, and Plaintiff is not entitled to its alleged damages.

## II.
## THE PARTIES

2. According to their Petition, Plaintiff Muy-Tejas, LLC is a Texas limited liability company with its principal place of business in San Antonio, Texas. *See* Plaintiffs' Original Pet., § II "Parties and Service," p. 1, ¶2. For purposes of diversity jurisdiction, Plaintiff is a Texas citizen.

3. Defendant ASIC is an Oklahoma corporation, with its principal place of business in New Hampshire. For purposes of diversity jurisdiction, ASIC is not a citizen of Texas.

4. Defendant Riverstone is a Delaware limited liability company with its principal place of business in New Hampshire. For purposes of diversity jurisdiction, Riverstone is not a citizen of Texas.

## III.

## BASIS FOR REMOVAL -- DIVERSITY OF CITIZENSHIP

5. This action could have originally been brought in federal court on the basis of diversity of citizenship, *see* 28 U.S.C. § 1332, because:

   a. Plaintiff is a citizen of Texas,

   b. Defendant ASIC is a citizen of Oklahoma or New Hampshire,

   c. Defendant Riverstone is a citizen of Delaware or New Hampshire, and

   d. The amount in controversy in this case exceeds $75,000, exclusive of interest and cost.

6. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants, and this Notice of Removal meets the requirements of 28 U.S.C. §§ 1332, 1441, and 1446.

## IV.
## AMOUNT IN CONTROVERSY

7. Defendants reasonably believe that Plaintiff has pled damages in excess of the jurisdictional minimum requirement for diversity jurisdiction by seeking the benefits of a policy with limits greater than $75,000 to support coverage of an underlying bodily injury case[2], extra contractual damages, attorneys' fees under the Texas Insurance Code including attorneys' fees. (*See* Plaintiff's Original Pet. at pp. 11-15)  Thus, the amount in controversy is, on the face of Plaintiff's Original Petition, greater than $75,000.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (stating that when a complaint does not allege a specific amount a court must examine whether it is facially apparent that the claims exceed the jurisdictional amount); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (holding that removal is proper if it is facially apparent that the claims asserted by Plaintiff exceed the minimum jurisdictional amount); *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 213 (E.D. Tex. 1996) (determining that removal is proper, in the absence of a specific amount in controversy in Plaintiff's petition, if it is facially apparent that the amount exceeds the jurisdictional amount).

## V.
## REMOVAL IS TIMELY

8. Defendants received notice of the suit on April 26, 2016, based on Certified Mail that was post marked on April 22, 2016; thus, removal is timely.  *See* 28 U.S.C § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999) (requiring removal within 30 days from the date Defendant received notice of the suit).

---

[2] Defendants do not admit to the underlying claimants damages, but the underlying bodily injury lawsuit for which coverage is sought seeks damages in excess of $1,000,000.

## VI.
## PROPER VENUE

9. This Court embraces the county (Jim Wells) in which the state court action is now pending and, thus, is a proper venue for removal of this action pursuant to 28 U.S.C. § 124(b)(2).

## VII.
## STATE COURT RECORDS

10. Attached are copies of each of the following:

    a. An index of items being filed, per Local Rule 81, attached as **Exhibit A**.

    b. All pleadings asserting causes of action, attached as **Exhibit B**;

    c. All executed process in this case, attached as **Exhibit C**;

    d. The state court docket sheet, attached as **Exhibit D**

    e. A list of all counsel of record and parties represented, attached as **Exhibit E.**

11. A copy of this Notice of Removal will be timely filed with the clerk of the state court in which the action is pending.

12. This Notice of Removal has been served on all named parties to the removed case as set forth in the attached Certificate of Service.

## VIII.
## CONCLUSION AND PRAYER

13. Defendants American Safety Indemnity Company and Riverstone Resources, LLC hereby remove Cause No. 16-04-55856-CV styled *MUY Pizza-Tejas, LLC, vs. American Safety Indemnity Company and Riverstone Resources* pending in the 79th Judicial District Court of Jim Wells, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division.

          Respectfully submitted,

          BEIRNE, MAYNARD & PARSONS, L.L.P.

          */s/ Terry M. Womac*_____
          **ATTORNEY-IN-CHARGE:**
          Terry M. Womac
          Texas Bar No.: 21873800
          Federal Bar No.: 3056
          Email: twomac@bmpllp.com
          1300 Post Oak Boulevard, Suite 2500
          Houston, Texas 77056
          Telephone: 713-623-0887
          Facsimile: 713-960-1527

          **OF COUNSEL:**
          Kristen W. McDanald
          Texas Bar No.:  24066280
          Federal Bar No.: 975848
          Email: kmcdanald@bmpllp.com
          BEIRNE, MAYNARD & PARSONS, L.L.P.
          1300 Post Oak Boulevard, Suite 2500
          Houston, Texas 77056
          Telephone: 713-623-0887
          Facsimile: 713-960-1527

          **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of foregoing pleading has been served on all parties and/or their counsel of record pursuant to the service requirements of the Federal Rules of Civil Procedure via email through the Court's ECF file and serve system on this the 20th day of May, 2016.

| | |
|---|---|
| Richard Foster | Email: rfoster@prdg.com |
| Raj Aujla | Email: raujla@prdg.com |
| Porter, Rogers, Dahlman & Gordon, P.C. | |
| Trinity Plaza II | |
| 745 East Mulberry Ave., Suite 450 | |
| San Antonio, Texas 78212 | |
| Telephone:  210-736-3900 | |
| Facsimile:  210-736-1992 | |

          */s/ Terry M. Womac*_____

2314433v.1 999999/112144        5